6L 229
12L 96

## CONRAD HARDWICK v. THE STATE.

BILL OF EXCEPTIONS. *Charge of court. Presumption.* Although the bill of exceptions contain the words, "the judge charged the jury as follows," without any charge, the presumption is that the charge was in writing, or that a written charge was waived by the defendant, and a certificate of the clerk to the contrary, dated long after the filing of the bill of exceptions and manifestly forming no part of it, cannot be noticed.

### FROM HUMPHREYS.

Appeal in error from the Circuit Court of Humphreys county. J. C. STARK, J.

A. F. ESTES for Hardwick.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The conviction of the prisoner Hardwick for arson is well warranted by the proof in the record, and the bill of exceptions, moreover, does not purport to contain all the evidence.

The error relied on for reversal is, that the charge of the court was not in writing, as required by statute. The bill of exceptions does not contain the charge of the court, nor show that the charge was excepted to because not reduced to writing, or for any other reason. It says: "The judge charged the

jury as follows." Then the transcript contains these words in brackets: [I, T. B. Taylor, clerk, etc., certify that the charge of the court was not written out, and is therefore not on file in this case. Given under my hand at office, January 5, 1881. T. B. Taylor, clerk.]

The record shows that the case was tried at the November term, 1880, of the court, the bill of exceptions being filed on November 30, 1880. It is clear, therefore, that the above certificate of the clerk is no part of the bill of exceptions, or of the record of the court, and cannot be noticed. The presumption of law is in favor of the regularity of the proceedings of the trial court, and we must therefore presume that the charge was in fact in writing, or that a written charge was waived by the prisoner, as he might do: *State* v. *Bungardner*, 7 Baxt., 163.

Affirm the judgment.